**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

IN THE MATTER OF:

WABA, INC.,

Bankruptcy Case No. 13-34110-dof
Honorable Daniel S. Opperman
Chapter 7

Debtor.

_____/

**TRUSTEE'S MOTION FOR APPROVAL OF SALE OF ASSETS**
**AND SETTLEMENT OF CLAIMS**

Collene K. Corcoran, Trustee, by and through her counsel, Beadle Smith, PLC, and hereby states for Trustee's Motion for Approval of Sale of Assets and Settlement of Claims ("Motion"):

1. On December 13, 2013, Waba, Inc. ( "Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as Amended, Title 11 ("Petition Date").

2. Subsequent to the aforementioned filing, Collene K. Corcoran was appointed the duly qualified and acting Trustee in this matter.

3. On the Petition Date, the Debtor held an interest in assets formerly owned by Hairy Entertainment, LLC it purchased through the filing of the Assignment for the Benefit of Creditors in and with the Fulton County, Georgia Superior Court Clerk. The Assignee for the Benefit of Creditors was Asset Recovery Associates, LLC. The assets purchased include Xeko digital art files, Xeko.com domain, Classic Xeko Website, retail inventory, and Xeko intellectual property collectively being referred to as the "Xeko Asset" which became property of the Estate. Debtor also held an interest in certain patents, copyrights and other intellectual property, and miscellaneous office equipment (any and all property of the Estate in possession of the Trustee or any other person or party shall be collectively referred to as "Assets").

4. In addition, Trustee has asserted several potential claims in this bankruptcy proceeding. The claims include claims against Oomba on substantive consolidation and fraudulent transfer theories ("Oomba Claims"); potential claims against Michael Williams pursuant to 11 U.S.C. section 547(b) and breach of fiduciary duties owed to the Debtor ("Williams Claims"); potential claims against the officers and directors of Waba for breach of their fiduciary duties to

1

Waba ("Officer & Director Claims"); and potential claims against purported recipients of Kickstarter funds ("Kickstarter Claims")(the Oomba claims, Williams Claims, Officer & Director Claims and Kickstarter Claims are collectively referred to as "Claims").

     5.     Trustee desires to consummate an Agreement with Oomba ("Buyer" or "Oomba") for the purchase and sale/settlement of the Assets and Claims pursuant to 11 U.S.C. §363(b).

     6.     The purchase/settlement price for the Assets and Claims is the sum of $75,000.00 pursuant to the Agreement submitted herewith as Exhibit A.

     7.     The Assets are being sold as is where is and without any warranties of any kind.

     8.     This offer is subject to approval by the United States Bankruptcy Court. The sale is subject to bankruptcy court approval and any better offers submitted to the Trustee, however, such offers must include the purchase of all assets subject to the sale. Offers may be submitted to Kevin M. Smith, attorney for the bankruptcy estate, by mail at the address set forth below or by email at ksmith@bbssplc.com. The minimum offer must be $77,000.00 with a $5,000.00 non-refundable deposit if the bidder holds the accepted bid. In the event that there are competing bidders, the Trustee will establish reasonable bidding procedures to obtain the highest purchase price. All offers must be received by the e-mail address listed above or must be received at the address below, no later than April 30, 2015 at 5:00 p.m, e.s.t.

     9.     The Trustee believes that the sale of the Assets and settlement of Claims are in the best interest of the estate and creditors.

     **WHEREFORE**, the Trustee requests this Honorable Court enter the Order submitted herewith granting the Trustee authority to sell the Assets and settle the Claims pursuant to the terms of the offer submitted herewith or a better offer submitted to the Trustee, for waiver of the fourteen-day stay period set forth in Federal Rules of Bankruptcy Procedure, Rule, 6004(h), and for such other and further relief this Court deems just and proper.

Respectfully submitted,

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)
Ksmith@bbssplc.com

Dated: 4/3/15

**IN THE MATTER OF:**

WABA, INC.,                                    Bankruptcy Case No. 13-34110-dof
                                               Honorable Daniel S. Opperman
                Debtor.       Chapter 7

_____/

### ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SALE PURSUANT TO 11 U.S.C. 363(b) AND SETTLEMENT OF CLAIMS

      This matter having come before this Honorable Court based upon the Trustee's Motion for Approval of Sale of Assets and Settlement of Claims ("Motion");  no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; the defined terms contained in the Motion having the same meaning in this Order; and the Court being fully advised in the premises;

      **NOW, THEREFORE,**

      **IT IS HEREBY ORDERED** that the Trustee's Motion is granted in all respects and the Trustee is authorized sell the Assets as set forth in the Motion pursuant to 11 U.S.C §363(b) and Settle Claims.

      **IT IS FURTHER ORDERED** that the fourteen-day stay period set forth in Rule 6004(h), Federal Rules of Bankruptcy Procedure is hereby waived.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

IN THE MATTER OF:

WABA, INC.,                                           Bankruptcy Case No. 13-34110-dof
                                                     Honorable Daniel S. Opperman
             Debtor.                              Chapter 7
_____/

### NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR AUTHORITY TO SELL AND SETTLE CLAIMS

      Trustee, Collene K. Corcoran, has filed papers with the Court for the authority to sell the Estate's interest in Assets and to settle certain Claims. The Trustee's Motion is on file in the offices of the Clerk of United States Bankruptcy Court, Eastern District of Michigan, 226 West Second Street, Flint, Michigan, where it may be inspected during the regular Court hours.  Persons seeking further information regarding these matters are invited to make inquiry to Trustee or her counsel.

      **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

      If you do not want the Court to grant the relief requested, then not later than 21 days of the date of this Notice, you or your attorney must:

1.     File with the Court a written response to the Motion explaining your position, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013 (E.D.M.), at:

     United States Bankruptcy Court, Eastern District of Michigan
     226 West Second Street, Flint, MI 48502

     If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

     You must also mail a copy to:  Kevin M. Smith, Attorney for Trustee [see address below]

      **Please refer to Administrative Order 2004-06 (Mandatory Electronic Filing), effective January 1, 2005, for practices and procedures for filing pleadings with the Court.**

2.     If a written response is filed, the Court will schedule a hearing on the Motion and send you notification of the date, time and place of such hearing.  If no response is filed, a hearing will not be held and the requested relief of the Trustee will be granted.

      **If you or your attorney do not take these steps, the Court may deem that you do not oppose the Motion, in which event the relief requested in the Motion will be granted.**

               BEADLE SMITH, PLC


               /S/ Kevin M. Smith
               By: Kevin M. Smith (P48976)
               Attorneys for Trustee
               445 South Livernois, Suite 305
               Rochester Hills, MI 48307
               (248) 650-6094, Ext. 15; (248) 650-6095 (fax)
Date Served:  4/9/15       Ksmith@bbssplc.com

1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION-FLINT

**IN THE MATTER OF:**

WABA, INC.,
                         Bankruptcy Case No. 13-34110-dof
                         Honorable Daniel S. Opperman
         Debtor.                  Chapter 7

_____/

## CERTIFICATE OF SERVICE

Kevin M. Smith hereby certifies that on  April 9, 2015 , he served a copy of Trustee's Motion for Authority to Sell Assets of the Estate and Settle Claims, Proposed Order, Notice of Requirement of Written Response and this Certificate of Service on the following parties at these addresses:

Waba, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904

Amy Tucker
1077 14th Street
San Francisco, CA 94114

Cryptozoic Entertainment, LLC
Attn: Matt Hoffman
25351 Commerce Drive, Suite 250
Lake Forest, CA 92630

Ronald Medinger
14990 8th Avenue
Marne, MI 49435-9602

Jim Sherman
Ray & Sherman, LLC
One Securities Centre
3490 Piedmont Road, Suite 700
Atlanta, Georgia 30305

by the following means:  United States first-class mail

**A COPY OF AFOREMENTIOND DOCUMENTS WAS ALSO SERVED UPON THE ATTACHED COURT MATRIX BY US MAIL AND ALL DOCUMENTS LISTED ABOVE WERE SERVED BY ECF TO ECF PARTICIPANTS .**

BEADLE SMITH, PLC

 /S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)
Ksmith@bbssplc.com

```
Label Matrix for local noticing          Amy Tucker                          Jeffrey G. Bennett
0645-4                                    1077 14th Street                    214 South Main Street
Case 13-34110-dof                         San Francisco, CA 94114-1243        Suite 202
Eastern District of Michigan                                                  Ann Arbor, MI 48104-2122
Flint
Thu Apr  9 10:39:41 EDT 2015

Charles D. Bullock                        Christopher Berney                  Collene K. Corcoran
Stevenson & Bullock, P.L.C.               260 Peachtree St., NW, Suite 401    P.O. Box 535
26100 American Drive                      Atlanta, GA 30303-1253              Oxford, MI 48371-0535
Suite 500
Southfield, MI 48034-6184

James M. Sherman                          Ronald B Medinger                   Michael Williams
One Securities Centre                     2 Whitetail Lane                    1641 Roanoke Avenue
3490 Piedmont Road, Suite 700             Savannah, GA 31411-2874             Tustin, CA 92780-6628
Atlanta, GA 30305-4806

Oomba, Inc.                               Perkins Coie                        Reality Gap
c/o Stevenson & Bullock, P.L.C.           1111 West Jefferson Street, Ste. 500 c/o Shawn Tacey
26100 American Drive, Suite 500           Boise, ID 83702-5391                330 112th Ave. NE
Southfield, MI 48034-6184                                                     Bellevue, WA 98004-5800

Rod Medinger                              Rod Nakamoto                        Ronald B Medinger, a/k/a Ron Medinger
2 Whitetail Lane                          493 East Kaibab Place               c/o James M. Sherman, Esq. - Ray & Sherm
Savannah, GA 31411-2874                   Chandler, AZ 85249-5309             3490 Piedmont Road, Suite 700
                                                                              Atlanta, GA 30305-4806

Kevin M. Smith                            Solam International                 Waba, Inc.
Beadle Smith, PLC                         551 Valley Road - 185               160 Greentree Drive, Suite 101
445 South Livernois                       Montclair, NJ 07043-1832            Dover, DE 19904-7620
Suite 305
Rochester Hills, MI 48307-2577

William Farah                             End of Label Matrix
214 S. Main St., Ste. 203                 Mailable recipients    18
Ann Arbor, MI 48104-2122                  Bypassed recipients     0
                                          Total                  18
```

## PURCHASE AND SALE AGREEMENT

Subject to Bankruptcy Court approval, this Purchase and Sale Agreement (the "Agreement") is made and entered into by and between (1) Oomba, Inc. (Buyer" or "Oomba"), and (2) Collene K. Corcoran in her capacity as Chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of debtor Waba, Inc. (the "Debtor") in the bankruptcy case entitled *In re Waba, Inc.*, Bankruptcy Case No. 13-34110 (the "Waba Case"), pending in the United States Bankruptcy Court for the Eastern District of Michigan. The Trustee and Buyer are sometimes individually referred to herein as a "Party," and collectively referred to herein as the "Parties."

## RECITALS

A. On December 13, 2013, the Debtor filed a voluntary Chapter 7 petition for relief under the United States Bankruptcy Code ("Petition Date"). Collene K. Corcoran was appointed as the Trustee to administer the Debtor's Estate.

B. On the Petition Date, the Debtor held an interest in assets formerly owned by Hairy Entertainment, LLC it purchased through the filing of the Assignment for the Benefit of Creditors in and with the Fulton County, Georgia Superior Court Clerk. The Assignee for the Benefit of Creditors was Asset Recovery Associates, LLC. The assets purchased include Xeko digital art files, Xeko.com domain, Classic Xeko Website, retail inventory, and Xeko intellectual property collectively being referred to as the "Xeko Asset" which became property of the Estate. Debtor also held an interest in certain patents, copyrights and other intellectual ~~any~~ property, and miscellaneous office equipment (any and all property of the Estate in possession of the Trustee or ~~any other~~ person or party shall be collectively referred to as "Assets"). A detailed, non-exclusive, list of the Assets is set forth on Exhibit A hereto.

C. Trustee has asserted potential claims against Oomba on substantive consolidation and fraudulent transfer theories ("Oomba Claims").

D. Trustee has asserted potential claims against Michael Williams pursuant to 11 U.S.C. section 547(b) and breach of fiduciary duties owed to the Debtor ("Williams Claims")

-1-

E. Trustee has asserted potential claims against the officers and directors of Waba for breach of their fiduciary duties to Waba ("Officer & Director Claims").

F. Trustee has asserted potential claims against purported recipients of Kickstarter funds ("Kickstarter Claims").

G. Subject to overbid and the approval of the United States Bankruptcy Court for the Eastern District of Michigan having jurisdiction over the Waba Case, the Trustee desires to sell the Assets and Buyer desires to purchase the Assets, all on the terms and conditions specified in this Agreement below. In addition, Trustee and Oomba desire to resolve the Oomba Claims, Williams Claims, Officer & Director Claims and Kickstarter Claims (collectively referred to as "Claims").

## AGREEMENT

NOW, THEREFORE, on the terms and conditions and for the consideration set forth below, the Parties agree as follows:

### 1. Incorporation of Recitals

Recitals A through F are incorporated herein and are made a part of this Agreement.

### 2. Approval of Agreement

2.1 Except as expressly provided herein, no Party shall have any rights, duties, or obligations under this Agreement unless and until the Bankruptcy Court enters an order (the "Approval Order") that, in substance (i) approves this Agreement, (ii) authorizes the Trustee to convey the Assets and release the Claims as contemplated herein on an "AS-IS" and "WHERE-IS" basis, with all faults, and without any representation or warranty whatsoever including warranty of title, except that the transfer will be free and clear of the claim of Ronald Medinger and any and all other claims, interests and liens and (iii) authorizes the Trustee to perform the terms of this Agreement.

2.2 The Trustee shall have the obligation to seek approval of this Agreement in accordance with § 2.1 and shall file the motion (the "Approval Motion") seeking approval

-2-

of this Agreement within fourteen (14) calendar days after the date on which the Trustee receives a fully executed copy of this Agreement. In the event that the Approval Order is entered and it has become final, then the Trustee may close this transaction or a transaction for the sale of the Assets and Claims to another bidder the Trustee determines is a better bid, upon Court approval. Notwithstanding any other provision of this Agreement, (a) the Trustee shall have no obligation to defend any appeal from the Approval Order or to pursue any appeal from the denial of the Approval Motion, and; however, Oomba shall have standing to defend any appeal; (b) if Buyer fails to timely perform any act required of it under Section 3 of this Agreement, the Trustee shall have no obligation to seek approval of this Agreement.

2.3 Buyer agrees to cooperate with and perform all reasonable acts requested by the Trustee and to obtain entry of the Approval Order. In particular, but without limitation, Buyer shall not file any pleading that would or might delay or interfere in any way with the Trustee's efforts to obtain entry of the Approval Order, or counsel, encourage, or assist any other person or entity to do so.

### 3. Performance

**3.1 Payment of the Purchase Price.** The purchase price (the "Purchase Price") for the Assets and Claims shall be SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and a waiver of any claim against the Estate asserted by Oomba, Inc. and Michael Williams. (subject to court approval and the other terms of this Agreement). Buyer shall tender a deposit of $5,000.00 to Trustee to be applied to the Purchase Price at Closing. Buyer shall tender the remaining sum of $70,000.00 at Closing in a bank check or other certified good funds. In the event that the Trustee's sale of the Assets and Claims to Buyer is approved by the Bankruptcy Court, then (a) Buyer shall pay to the Trustee by cashier's check or bank check payable to "Collene K. Corcoran, Trustee" the Purchase Price, less the received deposit, within fourteen (14) calendar days of such approval ("Closing"). The Purchase Price shall be delivered to the Trustee at:

Collene K. Corcoran, Trustee
c/o Kevin Smith, Esq.
445 S. Livernois, Suite 305
Rochester Hills, MI 48307

In the event the Bankruptcy Court does not approve the sale to Buyer, the deposit shall be refunded to Buyer, within fifteen (15) days of entry of an order not approving the sale to Buyer.

-3-

**3.2. Assignment of Assets.** In the event that the Trustee's sale of the Assets to Buyer is approved by the Bankruptcy Court, the Trustee shall deliver to Buyer a signed "Bill of Sale" regarding the Estate's interest in the Assets.

## 4. Acknowledgments by Buyer

Buyer hereby acknowledges each of the following:

(a) Buyer has had the opportunity to consult with legal counsel of its choice concerning this Agreement, including the meaning of the terms thereof and agrees to be bound to those terms,

(b) The Trustee's agreement to sell the Assets to Buyer (or any other person or entity) and release the Claims does not limit the Trustee's rights or remedies in regards to any other claims the estate may assert except that the Estate waives and releases any claims against Oomba, Inc. and its parent companies, subsidiaries, divisions, affiliates, merged companies, general and limited partners, successors, assigns, directors, officers, shareholders, principals, members, agents, servants and employees, individually and in their official capacity, specifically and including but not limited to Michael Williams, Girard Pessis, Kurt Fuchs, Michael Johnson, Ken Hubbard, and William Farrah, past and/or present, arising out of or in any way connected with the Estate and all Claims.

(c) The Trustee's disposition of the Assets pursuant to this Agreement shall be on an AS IS, WHERE IS, basis, with all faults and without any representation or warranty whatsoever, whether express or implied, including warranty of title, however, the sale will be free and clear of claims of Ronald Medinger and any and all claims, interests, and liens of any other party. Seller shall assist Buyer in obtaining actual physical possession of the Assets to Buyer.

(d) Buyer has formed its own opinion as to the value of the Assets being purchased hereunder.

(e) Buyer understands that the Assets may be consummated with a bidder who has submitted a bid to the Trustee that the Trustee deems to be a better bid subject to United States Bankruptcy Court approval.

-4-

## 5. Attorneys' Fees And Costs

Each Party shall bear its own attorneys' fees, expenses and costs incurred in connection with the subjects of this Agreement and the preparation of this Agreement.

## 6. Entire Agreement

This Agreement constitutes the entire understanding between the Parties with respect to its subject matter, including any and all obligations and commitments of the Trustee and Buyer. This Agreement supercedes and replaces in their entirety any and all prior negotiations or understandings, whether oral or written.

This Agreement has no terms other than those expressly set forth herein. Each Party represents and warrants to each other Party that he/it is not signing this Agreement in reliance upon any term, representation, warranty, or other information other than those expressly set forth in this Agreement.

## 7. Successors and Assigns

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, agents, representatives, successors, and assigns.

## 8. Governing Law

This Agreement shall be construed in accordance with and governed by the substantive laws of the State of Michigan (without regard to Michigan law concerning choice of law).

Venue shall be in the United States Bankruptcy Court for the Eastern District of Michigan.

## 9. Waiver of Jury Trial

**TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY TO THIS AGREEMENT HEREBY EXPRESSLY WAIVES THE RIGHT**

-5-

TO TRIAL BY JURY IN ANY ACTION OR OTHER PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE PARTIES' RIGHTS AND OBLIGATIONS WITH RESPECT THERETO.

## 10. Counterparts

This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures by facsimile or other reproductive means is acceptable.

## 11. Authority to Sign

Each person signing this Agreement on behalf of a Party represents and warrants to the other Party that he has the requisite power and authority to execute and deliver this Agreement on behalf of that Party and that this Agreement, when so executed and delivered, will be a binding obligation of and enforceable against such Party in accordance with its terms. Notwithstanding the foregoing, the Trustee's authority to sign this Agreement is subject to Bankruptcy Court approval as set forth elsewhere in this Agreement.

## 12. Notice

12.1 Any notice, service, or demand under this Agreement shall be given by either (a) Federal Express, (b) hand delivery or (c) USPS first class mail, as follows:

To the Trustee:

Kevin M. Smith
Beadle Smith, PLC
445 S. Livernois, Suite 305
Rochester Hills, MI 48307

-6-

To Buyer:

Oomba, Inc.
Charles D. Bullock
Stevenson & Bullock, P.L.C.
26100 American Drive, Suite 500
Southfield, MI 48034

For purposes of notice given by Federal Express, notice shall be deemed effective upon "delivery" by Federal Express. Delivery for purposes of this paragraph shall mean Federal Express' actual delivery of the notice to the address of the other Party, without the requirement of any signature by the receiving Party. Additionally, the refusal to accept a notice attempted to be delivered by Federal Express at that Party's address set forth above shall be deemed to have been delivered to that Party at the time of such attempted delivery. Delivery by USPS mail shall be complete upon mailing.

**13.2** Any Party may change the person to whom and/or address to which notice to that Party shall be delivered by giving notice of such change in accordance with Section 13.1. In all events, the Parties shall designate an address to which Federal Express will deliver packages in the ordinary course of its business.

## 14. Headings

The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

-7-

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Purchase and Sale Agreement to be executed on the date indicated below.

COLLENE K. CORCORAN, TRUSTEE

By: _____          Dated: _____

Kevin M. Smith, attorney for Collene K. Corcoran,
Chapter 7 Trustee of the Bankruptcy Estate of
Waba, Inc.

OOMBA, INC.

Michael Williams, President

Dated: 4 | 5 | 15

-8-

**Exhibit A – The Assets**

The Assets include every right the Estate possesses, all property of the Estate and for reference the Assets include, without limitation the Xeko Game:

    (a) all proprietary software, firmware and hardware together with any works in progress, updates, upgrades and improvements;

    (b) all assets, rights, tangible and intangible property used in or relating to the Xeko Game, including specifically but without limitation, all design materials, sketches, illustrations, manuscripts, prototypes, press plates, and all patents, patent applications, patents pending, and any rights related thereto;

    (c) licenses;

    (d) computer equipment, software, data, email addresses and accounts used in the Xeko Game;

    (e) such books and records as are necessary to conduct the business of the Xeko Game;

    (f) physical inventory, promotional materials, memorabilia, and other tangible collectables;

    (g) internet protocol addresses, trade names, trademarks and service marks, mark registrations and applications, domain name registrations, web sites and related content, images and designs, code, copyrights, material that is subject to non-copyright protections, trade secrets, proprietary information, know how, technology, technical data, customer lists, client information and related client or user data, intellectual property rights acquired by license or agreement, telephone numbers, and all related goodwill and other rights; and

    (h) all documentation related to any of the above.

    (i) All intellectual property, including but not limited to trademarks, patents and copyrights, whether currently registered or in the application process, owned by the Estate and any rights associated therewith that the Estate believes it may have to any trademarks, patents and copyrights related to the Estate.

    (j) the Assets shall include, without limitation:

1. Xeko archive drive
2. Xeko.com files
3. Xeko Mailchimp account
4. Xeko social media accounts
5. Xeko Virtual World Game Server

{00538809.2}

6. Xeko Art Server
7. Kickstarter Account - https://www.kickstarter.com/projects/xeko/xeko
   (*but not including*: (i) any funds donated to the Kickstarter campaign prior
   to the effective date of this Agreement, and (ii) any and all claims arising
   from or related to such funds, including against any contributor that received
   a subsequent transfer of funds from the Debtor)
8. Any and all Assets of Hairy Entertainment
9. Xeko Legal Binder
10. Art and text files used to create the printed product
11. Art, Text and video files used to create advertising materials
12. Art, Text, and video files used in the online versions of the game
13. Xeko documentation, including, without limitation, the Xeko rule book and
    any and all other documentation or materials
14. Xeko accounting and business files including contact information and
    invoices for the developers used to create and manufacture hired to produce
    the Xeko product
15. Database of past Xeko players
16. All other related materials owned by the Estate in Amy Tucker's or any ther
    party's possession
17. All digital assets, including images, source code, and all information related
    thereto held by Amy Tucker or any of the previously enumerated in the
    aforementioned (a)-(i) and 1-16 held by Amy Tucker or any other person or
    entity.

{00598809.2}

| | |
|---|---|
| xekocentral.com | 12/12/10 |
| xekocomic.com | 12/12/10 |
| xekddozers.com | 12/12/10 |
| xekoscopals.com | 12/12/10 |
| xekoecopals.net | 12/12/10 |
| xekogame.com | 12/12/11 |
| xekohotspot.com | 12/12/10 |
| xakohotspots.com | 12/12/10 |
| xekoland.com | 12/12/10 |
| xekomadness.com | 12/12/10 |
| xekomaster.com | 12/12/11 |
| xakomasters.com | 12/12/11 |
| xekomissionmadagascar.com | 12/12/10 |
| xekomovie.com | 8/15/10 |
| xekomovie.net | 8/15/10 |
| xekomovie.org | 8/15/10 |
| xekopels.com | 12/12/10 |
| xekopals.net | 12/12/10 |
| xekopedia.com | 12/12/11 |
| xekopia.com | 10/6/10 |
| xekopia.net | 10/6/10 |
| xekoplay.com | 12/12/10 |
| xekopales.com | 1/17/11 |
| xekopales.net | 1/17/11 |
| xekoshit.com | 12/12/10 |
| xekostlinks.com | 12/12/10 |
| xpkostore.com | 12/5/11 |
| xekosucks.com | 12/12/10 |
| xekosystem.com | 5/4/10 |
| xekosystem.net | 5/4/10 |
| xekotournaments.com | 12/12/10 |
| xekotoys.com | 12/12/10 |
| xekotradingcards.com | 12/12/10 |
| xekoweb.com | 12/12/10 |
| xekoweb.net | 5/4/10 |
| xekoworld.com | 1/26/11 |
| xekoworld.net | 1/26/11 |
| zecopals.com | 6/11/10 |
| zecopals.net | 6/11/10 |
| zeecopals.com | 6/11/10 |
| zeecopals.com | 6/9/10 |
| zaecostore.com | 12/12/10 |
| zeekogame.com | 6/11/10 |
| zeekopals.com | 12/12/10 |
| zekogamo.com | 12/12/10 |
| zakomasters.com | 6/11/10 |
| zekopals.com | 6/11/10 |
| zekopals.net | 6/9/10 |
| zekostore.com | 6/9/10 |
| zekostore.net | 6/9/10 |
| zekoworld.com | 1/26/11 |

**Trademarks, Patents, Copyrights**

**Type of Work:**                    Text

| Registration Number / Date: | TX0006381261 / 2006-05-15 |
| Application Title: | Code Lamina. |
| Title: | XEKO mission : Madagascar. |
| Copyright Claimant: | Matter Group, LLC |
| Date of Creation: | 2006 |
| Date of Publication: | 3/9/06 |
| Copyright Note: | Cataloged from appl. only. |

**Patents**

| Title | Symbol Based Cipher Code Registration System and M |
| Inventor | Tucker , Amy;  Stevens, Chris |
| Application Number | 12 / 504,650 |
| Filing Date | 7/16/09 |
| Status | Pending |

| Title | Resource Sensitive Game System & Method |
| Inventor | Tucker, Amy: Tyler Bielman |
| Application Number | 11/674010 |
| Filing Date | 2/12/07 |
| Status | Pending |

| Title | Resource Sensitive Game System & Method |
| Inventor | |
| Application Number | PCT/US2007/062002 |
| Filing Date | 2/12/07 |
| Status | PCT |

| Title | |
| Xeko Game | |
| Code Cracker | |
| Resource Sensitive Game System & Method | 20080036150 |

Including but not limited to all source code and object code supporting the Website associated with the

| Name | |
| Elf Island | Trademark |
| Gaming for Good | Trademark |
| Play Games.  Do Good | Trademark |

| Name | XEKO |
| Word Mark | |

| | |
|---|---|
| Goods and Services | IC 025. US 022 039. G & S: Clothing, namely, shirts, pants, t-shirts, footwear, headwear, baseball caps, shorts, swimwear, sleepwear, sweat shirts, underwear, jackets, dresses, skirts, and baby bibs not of paper |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 76825304 |
| Filing Date | 28-Feb-06 |
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | 25-Jul-06 |
| Owner | (APPLICANT) Matter Group, LLC LIMITED LIABILITY COMPANY WASHINGTON 3518 Fremont Avenue N, #325 Seattle WASHINGTON 98103 |
| Attorney of Record | Dax Alvarez |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| | |
|---|---|
| Word Mark | XEKO |
| Goods and Services | IC 028. US 022 023 038 050. G & S: board games; arcade games; playing cards; action figures, jigsaw puzzles, mechanical and electric action toys, and plastic toy figurines |
| Std Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 78746311 |
| Filing Date | 3-Nov-05 |
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | 18-Jul-06 |
| Owner | (APPLICANT) MATTER GROUP, LLC LIMITED LIABILITY COMPANY WASHINGTON #325 3518 FREMONT AVENUE N SEATTLE WASHINGTON 98103 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Dax Alvarez |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| | |
|---|---|
| Word Mark | XEKO |
| Goods and Services | IC 016. US 002 005 022 023 029 037 038 050. G & S: Posters; calendars; pens; pencils; greeting cards; decals; stickers; trading cards; and books featuring children's entertainment; activity books, story books, and art sets for children, namely, paint sets, pencil sets, and pen sets |
| Std Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 78746298 |
| Filing Date | 3-Nov-05 |

13-34110-dof    Doc 46    Filed 04/09/15    Entered 04/09/15 10:57:59    Page 19 of 23

| | |
|---|---|
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | 18-Jul-06 |
| Owner | (APPLICANT) MATTER GROUP, LLC LIMITED LIABILITY COMPANY WASHINGTON #325 3518 FREMONT AVENUE N SEATTLE WASHINGTON 98103 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Dax Alvarez |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| | |
|---|---|
| **Word Mark** | **XEKO** |
| Goods and Services | IC 009. US 021 023 026 036 038. G & S: Audio and visual recordings all featuring educational and entertainment information for children; computer software in the field of entertainment and education for children; video game software; sunglasses and eyeglasses; video game software adapted for use with television receivers, computers, cell phones, handheld game devices and personal digital assistants; musical sound recordings |
| Std Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 78746260 |
| Filing Date | 3-Nov-05 |
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | 18-Jul-06 |
| Owner | (APPLICANT) MATTER GROUP, LLC LIMITED LIABILITY COMPANY WASHINGTON #325 3518 FREMONT AVENUE N SEATTLE WASHINGTON 98103 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Dax Alvarez |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| | |
|---|---|
| **Word Mark** | **XEKO** |
| Goods and Services | IC 009. US 021 023 026 036 038. G & S: Downloadable text, video, still images, music, ring tones, voice tones, ring backs and interactive games for use with wireless devices, namely, cell phones, personal digital assistants and portable entertainment and gaming devices |

IC 041. US 100 101 107. G & S: Entertainment services, namely, production and distribution of motion pictures films and television shows; entertainment services, namely a continuing variety show broadcast over global computer networks, cable, television, radio and on-line streaming; entertainment services in the nature of on-going television programs in the field of children's entertainment; providing a website on global computer networks featuring information in the field of entertainment and culture; providing entertainment related information and content via wireless devices, namely, cell phones, personal digital assistants and portable entertainment and gaming devices

| | |
|---|---|
| Std Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 78825333 |
| Filing Date | 28-Feb-06 |
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | 5-Dec-06 |
| Owner | (APPLICANT) Matter Group, LLC LIMITED LIABILITY COMPANY WASHINGTON 3518 Fremont Avenue N. #325 Seattle WASHINGTON 98103 |
| Attorney of Record | Dax Alvarez |
| Type of Mark | TRADEMARK, SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

Word Mark        XEKO

Goods and Services    IC 028. US 022 023 038 050. G & S: Trading card games; plush toys, stuffed toy animals, and dolls. FIRST USE: 20060101. FIRST USE IN COMMERCE: 20060420

Std Characters Claimed
Mark Drawing Code        (4) STANDARD CHARACTER MARK
Trademark Search Facility Classification Code LETTER-3-OR-MORE XEKO Combination of three or more letters as part of the mark

| | |
|---|---|
| Serial Number | 78978568 |
| Filing Date | 3-Nov-05 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | 18-Jul-06 |
| Registration Number | 3287160 |
| Registration Date | 28-Aug-07 |
| Owner | (REGISTRANT) MATTER GROUP, LLC LTD LIAB CO WASHINGTON 3518 FREMONT AVENUE N #325 SEATTLE WASHINGTON 98103 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Dax Alvarez |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |

Live/Dead Indicator                          LIVE


**Word Mark**                                **HAVING FUN IS ONLY NATURAL**
Goods and Services                           IC 028. US 022 023 038 050. G & S: Trading card
                                             games; board games; arcade games; playing cards;
                                             plush toys, action figures, dolls, stuffed toy animals,
                                             jigsaw puzzles, mechanical and electric action toys,
                                             and plastic toy figurines
Trademark Search Facility Classification Code (4) STANDARD CHARACTER MARK

Serial Number                                                              77208110
Filing Date                                                               14-Jun-07
Current Filing Basis                         1B
Original Filing Basis                        1B
Published for Opposition                                                  27-Nov-07
Owner                                        (APPLICANT) Matter Group Corporation
                                             WASHINGTON 3518 Fremont Avenue N. Seattle
                                             WASHINGTON 98103
Attorney of Record                           Dax Alvarez
Type of Mark                                 TRADEMARK
Register                                     PRINCIPAL
Live/Dead Indicator                          LIVE


**Word Mark**                                **ECO-POINTS**
Goods and Services                           IC 028. US 022 023 038 050. G & S: Trading card
                                             games. FIRST USE: 20060400. FIRST USE IN
                                             COMMERCE: 20060400·

Standard Characters Claimed
Mark Drawing Code                            (4) STANDARD CHARACTER MARK
Serial Number                                                              77422798
Filing Date                                                               14-Mar-08
Current Filing Basis                         1B
Original Filing Basis                        1B
Published for Opposition                                                  12-Aug-08
Owner                                        (APPLICANT) Matter Group, LLC LIMITED LIABILITY
                                             COMPANY WASHINGTON #326 3518 Fremont
                                             Avenue N Seattle WASHINGTON 98103
Attorney of Record                           Dax Alvarez
Type of Mark                                 TRADEMARK
Register                                     PRINCIPAL
Live/Dead Indicator                          LIVE


Signature:


Craig Kronenberger
Board Member

Date _____

Note: Status of Domains and Pending
Patents should be verified to ensure they are
"active" status before transfer of assets.

**Inventory**
**PSI Distribution**
**Mike Krause**
**309-648-9523**

| | |
|---|---|
| Xeko Mission Costa Rica Starter Set | 232 units |
| Xeko Mission Indonesia Starter | 216 units |
| Xeko Mission Indonesia Booster Pack | 16 units |
| Xeko Mission Indonesia Booster Display | 718 x 24 = 17,232 units |
| Xeko Mission Costa Rica Starter 2 | 3236 units |
| Xeko Mission China Booster Display | 466 x 24 = 11,184 units |
| Xeko Mission China Starter Set | 613 units |
| Xeko Mission Costa Rica Booster Display | 395 x 22 = 8,690 |

**Pete Houlihan**

| | |
|---|---|
| China Booster | 3208 |
| China Starter | 63 |
| Collectible 1 of 5 | 651 |
| Collectible 2 of 5 | 640 |
| Collectible 3 of 5 | 745 |
| Collectible 4 of 5 | 721 |
| Collectible 5 of 5 | 720 |
| Costa Rica Booster | 3251 |
| Flying Squirrel | 1302 |
| Giant Panda | 140 |
| Golden Frog | 812 |
| Indonesia Booster | 3262 |
| Indonesia Starter | 399 |
| Sumatran Rhino | 766 |
| Tomato Frog | 488 |